**METROPOLITAN LIFE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Betty J. PARKER, Charlotte Bodenschatz Shackles, and Rocky Bodenschatz, Defendants.**

**No. S 87–158 C(5).**

United States District Court, E.D. Missouri, S.D.

Aug. 2, 1989.

Randy P. Schuller, Piedmont, Mo., for plaintiff.

Michael A. Price, Cape Girardeau, Mo., for defendants.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff filed this interpleader action to determine the beneficiary to proceeds of a

life insurance policy issued to Nelson Bodenschatz. Following his death, claims were filed by defendants Betty Parker and Charlotte Bodenschatz Shackles and Rocky Bodenschatz. Parker claims she is entitled to the proceeds because she was designated as the primary beneficiary in a form received by Metropolitan Life on July 28, 1986. Charlotte Shackles and Rocky Bodenschatz, Nelson Bodenschatz's children, claim the designation of Parker as beneficiary is the result of undue influence or forgery. This Memorandum constitutes the Court's findings of fact and conclusions of law for the purposes of Fed.R.Civ.P. 52(a).

### Findings of Fact.

Nelson Bodenschatz worked for many years for Mobil Oil Company. One of the benefits he received from Mobil was a life insurance policy issued through Metropolitan Life. On September 10, 1971, Nelson filled out a designation of beneficiary form naming his wife, Marjorie Bodenschatz, as primary beneficiary and his children, Rocky Bodenschatz and Charlotte Shackles, as contingent beneficiaries. Nelson and Marjorie Bodenschatz were divorced in 1980. As part of the property settlement agreement, Marjorie relinquished any interest she had in proceeds from Nelson's life insurance issued through Mobil Oil Company.

Following their parents' divorce, Rocky and Charlotte remained on good terms with both parents, but they visited Nelson less frequently than they did Marjorie. Nelson began dating Betty Parker during 1983. In 1984, Nelson bought some property and moved to Williamsville in Wayne County, Missouri. Betty moved in with Nelson sometime in 1985. Nelson's children, Charlotte and Rocky, were not happy when they learned that their father was living with Parker. Charlotte testified at trial that she wrote a letter to her father urging him to be careful not to lose all his money to Betty.

Throughout the time Nelson and Betty lived together, Rocky and Charlotte did not get along with Betty, and they tried to avoid seeing her or talking with her. In February 1986, Nelson learned that he had lung cancer. His physical condition soon began to deteriorate, and it was not long before he was unable to work. Nelson's physician, Dr. Donald Edwards, testified that he saw Nelson on June 17, 1986. Nelson had developed a fever and had suffered weight loss. Although Nelson was mildly depressed, he had accepted his condition as terminal and was unaffected mentally.

On July 16, 1986, Wayne County Abstract Company prepared a general warranty deed conveying Nelson's property in Wayne County to Betty. At approximately the same time, Betty contacted her attorney, Weber Gilmore, to prepare a will for Nelson. Betty testified at trial that Nelson had told her he wanted a will prepared leaving everything to her. Betty passed these instructions on to Gilmore, who then had his associate, Jim McClellan, prepare a simple will for Nelson's signature. Nelson and Betty went to the Gilmore law office on July 18, 1986, and Nelson signed the will. On July 21, 1986, Betty Parker was designated the primary beneficiary of the life insurance policy issued to Nelson by Mobil Oil. The form was received by Mobil on July 28, 1986.

Nelson entered Southeast Missouri Hospital in Cape Girardeau, Missouri on July 22, 1986, where he remained under the care of Dr. Edwards until his death on July 25, 1986. Dr. Edwards testified that by this time the cancer had spread all over Nelson's body, including his brain. Although this did not cause Nelson to be mentally deficient, he was very weak physically. After Nelson's death on July 25, 1986, claims to the life insurance proceeds were filed by Betty Parker and by Charlotte Shackles and Rocky Bodenschatz.

Charlotte and Rocky base their claim to the proceeds on two alternative theories: undue influence and forgery of Nelson's signature. The Court is persuaded that Nelson would not have designated Betty Parker as the beneficiary to his life insurance policy absent undue influence. The evidence indicates that Nelson Bodenschatz was extremely weak the ten days prior to his death. During that ten-day period, Bet-

ty arranged for Nelson to sign three documents to transfer property or money to Betty: a general warranty deed, a will, and a designation of beneficiary. The Court is convinced that the designation of Betty as the beneficiary was not done by his own free will because of three facts: first, Betty was responsible for the preparation of the designation of beneficiary form, as well as the will and general warranty deed; second, only Nelson's signature was required to complete these transactions; and third, the documents resulted in a substantial amount of property and money being transferred to Betty upon Nelson's death.

Although the Court's finding in favor of Charlotte and Rocky is based on undue influence, the Court believes there is also evidence that the signature on the beneficiary designation form may not be Nelson's signature. Both parties had expert testimony concerning the authenticity of the signature. Charlotte and Rocky's expert testified that significant differences existed between the signature on the beneficiary designation and other documents previously signed by Nelson. Even Betty's expert could not testify absolutely that the signature was not a forgery. Therefore, the Court finds that Charlotte Shackles and Rocky Bodenschatz are entitled to the life insurance policy issued by Mobil Oil Company through Metropolitan Life.

### Conclusions of Law.

The Court has subject matter jurisdiction of this interpleader action pursuant to 28 U.S.C. § 1332 and Fed.R.Civ.P. 22.

■ Charlotte Shackles and Rocky Bodenschatz, as the parties challenging Betty Parker as the designated beneficiary, have the burden of proof to establish by clear, cogent and convincing evidence a lack of mental capacity or undue influence by Nelson Bodenschatz. *Rapp v. Rapp,* 238 S.W.2d 80, 90 (Mo.App.1951). Undue influence must have been exercised at the time of the change in designation of beneficiary. *Id.* at 91; *Rhoades v. Chambers,* 759 S.W.2d 398, 410 (Mo.App.1988).

■ In determining whether undue influence was exercised over Nelson Boden-

schatz, the Court must find influence of such force, coercion and overpersuasion over Nelson that he was unable to act freely in the designation of a beneficiary. *See Rapp,* 238 S.W.2d at 91. Factors to be considered include evidence of Nelson's mental and physical condition, his ability to be influenced by the beneficiary, and the power of Betty Parker as the designated beneficiary to influence him. *See Rhoades,* 759 S.W.2d at 410.

■ Applying these principles, the Court has set forth above the reasons for its finding that Nelson Bodenschatz was under undue influence at the time Betty Parker was designated as the beneficiary of his life insurance policy. Therefore, the Court finds that Charlotte Shackles and Rocky Bodenschatz, as contingent beneficiaries named in the beneficiary designation dated September 10, 1971, are entitled to the proceeds of the life insurance policy issued to Nelson Bodenschatz through Metropolitan Life Insurance Company.

### ORDER

In accordance with the Memorandum filed today,

IT IS HEREBY ORDERED that judgment is entered in favor of defendants Charlotte Bodenschatz Shackles and Rocky Bodenschatz and against defendant Betty Parker on the merits of plaintiff's complaint.

IT IS FURTHER ORDERED that defendants Charlotte Shackles and Rocky Bodenschatz are awarded the proceeds from the life insurance policy issued by Metropolitan Life Insurance Company under group policy no. 15560–G on the life of Nelson Bodenschatz, pursuant to certificate no. 09–159–664.